# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| LEON DENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-3010-STA-egb |
| | ) | |
| SHELBY COUNTY, TENNESSEE and | ) | |
| THE STATE OF TENNESSEE | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER DISMISSING CLAIMS
# ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 28, 2016, Plaintiff Leon Denton, who is currently incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee, filed *pro se* a Complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 4.) On January 18, 2017, the Court granted Denton leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk is instructed to record the Defendants as Shelby County, Tennessee and the State of Tennessee.[1]

## BACKGROUND

On April 25, 2012, Denton was charged with five counts of aggravated rape, two counts of aggravated robbery, and two counts of aggravated assault. (https://cjs.shelbycountytn.gov;

---

[1] The Court construes claims against the Shelby County Sheriff's Office as claims against Shelby County, Tennessee and claims against the Tennessee Judicial System as claims against the State of Tennessee. The Clerk is **DIRECTED** to modify the docket accordingly.

case no. 12 02872-11142095). On May 31, 2012, Denton was charged with additional counts of aggravated rape, aggravated robbery, and aggravated assault. (*Id.*) On September 3, 2015, a jury convicted Denton of four counts of aggravated rape and one count of aggravated robbery. (*Id.*) On April 25, 2012, Denton was charged in a separate proceeding with one count of aggravated burglary and one count of theft of property. (https://cjs.shelbycountytn.gov; case no. 12 01934-11142095). The state dismissed the second action *nolle prosequi* on December 8, 2016. (*Id.*)

In the Complaint before the Court, Denton alleges that he was wrongfully convicted of aggravated rape and robbery, though Denton does not specify how the conviction was wrongful.[2] (Attach. Compl. at 1, ECF No. 1-1.) Denton does allege that the transcript of his trial was altered. According to Denton, the transcript includes testimony a victim did not actually give at trial and omits the same witness's exculpatory testimony, which would aid Denton's case on appeal. (*Id.*) Denton also complains about court dates being reset without notice and the trial court's refusal to provide him with a transcript of the preliminary hearing in his burglary case. (*Id.*) Denton argues that he waited in detention for five years to have his first case proceed to trial and that he is still awaiting trial on another case. (*Id.* at 2.) Denton claims that he has brought these issues to the attention of his trial attorney as well as to the state court.

The Complaint goes on to raise a number of allegations about jail staff abusing other inmates, the poor quality of food served at the jail, and threats of retaliation against inmates who complain about these conditions. (*Id.*) Denton has filed a petition with his Complaint, listing alleged violations at the jail and bearing the signatures of 107 inmates. (Petition at 1-7, ECF No.

---

[2] The Complaint also refers to Denton's brother, Devan Denton. Because Devan Denton is not a named party to this action, the Court finds it unnecessary to consider these allegations further.

1-2.)³ In his prayer for relief, Denton seeks an order vacating his conviction in case no. 12-02872, the dismissal of the charges against him in case no. 12-01934, and an award of $6 million in compensatory damages. (Compl. at 3, ECF No. 1-1.)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the pleadings standards under Federal Rule of Civil Procedure 12(b)(6), announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and

---

³ The Court will not review all of the allegations contained in the petition because Denton lacks standing to pursue claims on behalf of other inmates. "To state a case or controversy under Article III [of the United States Constitution], a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). Denton can only seek relief for injuries he himself has suffered. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001); *see also Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." (citation omitted)).

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the pleading requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). District courts are therefore not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## ANALYSIS

### I. Section 1983

Denton filed his *pro se* Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150

(1970). The Court holds that Denton has failed to state a plausible claim for relief against either Defendant.

First, Denton has failed to state a plausible claim against Shelby County. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Here, the Complaint contains no facts to show that Shelby County is responsible for any violation of Denton's constitutional rights. A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The Court holds that Denton has failed to allege the existence of any county policy or custom. Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Still, in order "[t]o avoid dismissal under Rule 12(b)(6), a

5

complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must satisfy Rule 8(a)'s notice pleading requirements and give a municipality notice of the plaintiff's theory of liability. *E.g., Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004). Denton's Complaint fails to identify an official policy or custom which caused his alleged injury. Instead, it appears Denton is suing Shelby County because he was confined in a county institution, and Shelby County employed persons who allegedly violated his rights. These allegations fail to state a claim for municipal liability against Shelby County. Therefore, Denton's claim against Shelby County is **DISMISSED**.

Likewise, the Court holds that the Complaint fails to state a plausible claim for relief against the State of Tennessee. It is well-settled that Denton cannot sue the State of Tennessee under 42 U.S.C. § 1983. First, a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). More fundamentally, Tennessee is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has construed the Eleventh Amendment to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973). Furthermore, the State of

Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). While a state is free to "waive its sovereign immunity" and Congress has authority to abrogate a state's sovereign immunity, "absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). For all of these reasons, Denton's claims against the State of Tennessee are **DISMISSED**.

In the alternative, any claims arising from Denton's conviction are barred by the Supreme Court's holding in *Heck v. Humphrey*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87 (1994) (footnotes omitted); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (same). In this case Denton has essentially attacked the validity of his conviction in state court but without showing that the conviction has been reversed, vacated, invalidated, expunged, or called into doubt. *Heck*, 512 U.S. at 481-82; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its

7

duration are the province of habeas corpus."). As a result, *Heck* bars all of Denton's claims related to the validity of his conviction.

Having determined that the Complaint fails to state a plausible claim for relief, Denton's Complaint is **DISMISSED** in its entirety.

## II. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). But in this case, the Court concludes that leave to amend is not warranted because Denton cannot cure the defects identified by the Court. Therefore, Denton will not be granted an opportunity to file an amended complaint.

## CONCLUSION

The Court **DISMISSES** Denton's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is **DENIED** because Denton cannot cure the deficiencies in his Complaint.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether Denton has a good faith basis for an appeal of the Court's decision. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**,

pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Denton would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Denton nevertheless appeals the dismissal of the case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Denton is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the first dismissal of one of Denton's cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 13, 2018.